```
UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF NEW YORK
----------------------------------------x
CEDRIC RIDDICK and RICHELLE
WHITFIELD-BLAKE,

                         Plaintiffs,              Docket No.

              -against-
                                                  COMPLAINT
THE CITY OF NEW YORK; CITY OF NEW YORK
POLICE OFFICER JOHN DOE; and CITY OF
NEW YORK POLICE OFFICER JANE DOE,

                         Defendants.
----------------------------------------x
```

The plaintiffs, CEDRIC RIDDICK and RICHELLE WHITFIELD-BLAKE, by their attorney, VALERIE A. HAWKINS, ESQ., as and for their complaint against the defendants allege as follows:

### I.

### PRELIMINARY STATEMENT

1. This is an action for declaratory relief, injunctive relief, compensatory damages, and punitive damages to redress the unreasonable and unwarranted deprivation of the plaintiffs' federal and state constitutional, statutory, and common law rights by the defendants.

2. The plaintiffs file this complaint pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States of America (hereinafter U.S. Const. Amend. 4 and 14 respectively), 42 U.S.C. § 1983 (hereinafter § 1983), United States common law, Article 1 Section 12 of the New York State Constitution, and New York State common law.

II.

**JURISDICTION and VENUE**

3. The jurisdiction of this Court, as to the federal claims invoked by the plaintiffs herein, is pursuant to 28 U.S.C. §§ 1331, 1343, and 1983. The jurisdiction of this court, as to the New York State claims invoked, is pursuant to 28 U.S.C. § 1367.

4. Venue for this action properly lies in this Court, pursuant to 28 U.S.C. § 1391, as, upon information and belief, the contacts of the defendants City of New York, John Doe, and Jane Doe are sufficient to subject them to personal jurisdiction if this district.

III.

**PARTIES**

5. The plaintiffs, Cedric Riddick and Richelle Whitefield-Blake (hereinafter Riddick and Whitfield-Blake, respectively) are United States citizens. Riddick is a resident of the County of Kings, City and State of New York. Blake is a resident of the County of Queens, City and State of New York.

6. The defendant City of New York (hereinafter the City and/or the municipal defendant), upon information and belief, at all times relevant herein, was a municipal corporation organized and existing under the laws of the State of New York and its principal place of business is in the County, City, and State of New York.

7. The defendant John Doe (hereinafter John), upon information and belief, at all times relevant herein, was employed by and acted as an agent and servant of the defendant City. Upon further information and belief, the said defendant was a police officer employed by the City and his principal place of business of was in the County, City, and State of New York.

8. The defendant Jane Doe (hereinafter Jane), upon information and belief, at all times relevant herein, was employed by and acted as an agent and servant of the City. Upon further information and belief, the said defendant was a police officer employed by the City and her principal place of business of was in the County, City, and State of New York.

**VI.**

**STATEMENT OF FACTS**

9. On or about the early morning of June 9, 2022, Riddick and Whitfield-Blake had a reservation for what they thought would be a romantic evening at a restaurant/bar/nightclub located at 357 West 16th Street in the County, City, and State of New York named Noir NY, Noir Restaurant, and/or Noir NY Nightclub, (hereinafter referred to as Noir).

10. After having dinner at Noir's restaurant, Riddick and Whitfield-Blake were invited by Noir to ascend the steps in the restaurant and enjoy the nightclub on the second level of Noir, where there were bright lights, loud music, and patrons dancing.

11. On the second level of Noir, Whitfield-Blake proceeded to the dance floor and started dancing while Riddick settled into a seat and observed the revelry.

12. The couple's joyful evening was abruptly interrupted when, without just cause, excuse, or explanation, they were singled out for removal from Noir.

13. When the couple peacefully and respectfully asked what did they do, employees and/or agents of Noir violently pounced upon Riddick, placed him in a headlock, repeatedly punched him, stuck him with an unknown object, and dragged him to the steps that separated the nightclub and restaurant. At the steps, the employees and/or agents of Noir struggled with Riddick until the arrival of several defendants John and Jane Doe, whom, upon information and belief the employees and/or agents of Noir summoned to their establishment.

14. With the assistance of the said John and Jane Doe, the employees and/or agents Noir dragged Riddick down the steps and forcibly removed him from the club and restaurant onto its curtilage.

15. Whitfield-Blake witnessed the melee that embroiled Riddick with shock, alarm, fright, and horror.

16. Whitfield-Blake followed Riddick, the employees and/or agents of Noir, and Jane and John Doe down the steps and out of Noir where she saw the said New York City Police Officers deposit

Riddick, who was bleeding from his face and hand, into a New York City Fire Department ambulance.

17. The ambulance transported Riddick, against his will, to emergency care facility at Lenox Hill Hospital located at 30 Seventh Avenue, County, City, and State of New York.

18. Riddick was held at the said facility against his will for approximately nine (9) hours.

19. Riddick was injected with an unknown substance without his consent and despite his protests at the said facility.

20. Meanwhile, Whitfield-Blake, alone and frightened, wandered the dark, rainy, foreboding streets of New York County seeking to reunite with Riddick. She would not find him at Lenox Hill Hospital until after sunrise.

21. Neither Whitfield-Blake nor Riddick had committed any crime or offense.

22. Neither Whitfield-Blake nor Riddick was charged with any crime or offense.

**V.**

**STATEMENT OF FEDERAL CLAIMS FOR RELIEF**

23. Riddick and Whitfield-Blake repeat and reallege each of the allegations set forth in paragraphs 1 through 22 of this complaint as if the same were fully set forth herein.

24. The defendants' conduct in violently striking Riddick in the presence of Whitfield-Blake as aforesaid constitutes the

violation of their rights to be secure in their persons pursuant to U.S. Const, Amend. 4, § 1983, and the common law of the United States of America.

25. The defendants' conduct in removing Riddick from Noir as aforesaid constitutes the violation of Riddick's rights to be free from unreasonable seizures pursuant to U.S. Const, Amend. 4, § 1983, and the common law of the United States of America.

26. As a result of the defendants' deprivation of Riddick and Whitfield-Blake's said federal constitutional, statutory, and common law rights, Riddick and Whitfield-Blake's have suffered and continue to suffer physical, emotional, psychological, and economic, harm, humiliation, embarrassment, inconvenience, and other injuries.

### VI.

**STATEMENT OF NEW YORK STATE CLAIMS FOR RELIEF**

27. Riddick and Whitfield-Blake repeat and reallege each of the allegations set forth in paragraphs 1 through 26 of this complaint as if the same were fully set forth herein.

28. The defendants' conduct in violently striking Riddick in the presence of Whitfield-Blake as aforesaid constitutes the violation of their rights to be secure in their persons pursuant to New York State Constitution Article 1 Section 12 and New York State common Law.

29. The defendants' conduct in violently striking Riddick in

the presence of Whitfield-Blake as aforesaid constitutes assault in violation of New York State common Law.

30. The defendants' conduct in violently striking Riddick in the presence of Whitfield-Blake as aforesaid constitutes battery in violation of New York State common Law.

31. The defendants' conduct in violently striking Riddick in the presence of Whitfield-Blake as aforesaid constitutes the intentional infliction of emotional distress in violation of New York State common Law.

32. The defendants' conduct in violently striking Riddick in the presence of Whitfield-Blake as aforesaid constitutes the negligent infliction of emotional distress in violation of New York State common Law.

33. The defendants' conduct in violently striking Riddick in the presence of Whitfield-Blake as aforesaid constitutes negligence in violation of New York State common Law.

34. The defendants' conduct in violently striking Riddick in the presence of Whitfield-Blake as aforesaid constitutes a prima facie tort in violation of New York State common Law.

35. The defendants' conduct in abandoning Whitfield-Blake at Noir constitutes the intentional infliction of emotional distress in violation of New York State common Law.

36. The defendants' conduct in abandoning Whitfield-Blake at the Noir restaurant/nightclub constitutes the negligence in

violation of New York State common Law.

37. The defendants' conduct in abandoning Whitfield-Blake at the Noir restaurant/nightclub constitutes a prima facie tort in violation of New York State common Law.

38. As a result of the defendants' deprivation of Riddick and Whitfield-Blake's said New York State constitutional and common law rights, Riddick and Whitfield-Blake have suffered and continue to suffer physical, emotional, psychological, and economic, harm, humiliation, embarrassment, inconvenience, and other injuries.

## VII.

### STATEMENT OF LIABILITY OF THE MUNICIPAL DEFENDANT

39. Riddick and Whitfield-Blake repeat and reallege each of the allegations set forth in paragraphs 1 through     of this complaint as if the same were fully set forth herein.

40. All of the acts and/or omissions of the individual defendants were conducted in furtherance of the business of the municipal defendant and the said municipal defendant was exercising or could have exercised control, either directly or indirectly, over the individual defendants herein who are the agents, employees, and servants of the said municipal defendants.

41. The defendant City is liable for all actions of its employees, agents, and servants, as set forth above, under the doctrine of respondeat superior.

42. Riddick and Whitfield-Blake duly served upon the

municipal defendant a Notice of Claim and Demand for Adjustment of Damages within 90 days after the accrual of his claims pursuant New York State General Municipal Law § 50-e.

43. Although more than 30 days have elapsed since the service of said Notice of Claim and Demand for Adjustment, the municipal defendant has failed to make any adjustment and/or payment of said claim.

44. Riddick and Whitfield-Blake duly submitted to a hearing pursuant New York State General Municipal Law § 50-h on May 31, 2023.

## VIII.

### PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs demand judgment against the defendants as follows:

1. Declaratory judgment that the defendants violated the rights and privileges of the plaintiffs under the Constitution, statutes, and common law of the United States of America and of the State of New York;

2. Injunctive relief permanently restraining and enjoining the defendants from depriving the plaintiffs of their rights and privileges under the Constitution, statutes, and common law of the United States of America and of the State of New York;

3. Judgment for compensatory damages in excess of ONE MILLION DOLLARS ($1,000,000.00) for the deprivation of the rights

and privileges of the plaintiffs under the Constitution, statutes, and common law of the United States of America and of the State of New York;

4.   Judgment for punitive damages in excess of FIVE MILLION DOLLARS ($5,000,000.00) for the deprivation of the rights and privileges of the plaintiffs under the Constitution, statutes, and common law of the United States of America and of the State of New York;

5.   Court costs and reasonable attorneys' fees; and

6.   Such other, further, and different relief as this Court deems just, equitable, and proper.

**A JURY TRIAL IS HEREBY DEMANDED.**

Dated:   Hempstead, New York
         September 6, 2023

_____
VALERIE A. HAWKINS, ESQ.
(VH9780)
77 Saint Pauls Road North
Hempstead, New York 11550
(516) 292-0984
vahesq175@aol.com